**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-25568-RAR**

**YEINIER BELTRAN CARDO,**

Petitioner,

v.

**KROME SERVICE PROCESSING CENTER,** *Warden*; *et al.*,

Respondents.
__________________________________/

## ORDER DISMISSING PETITION

**THIS CAUSE** comes before the Court on *pro se* Petitioner Yeinier Beltran Cardo's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), [ECF No. 1]. Respondents filed a Response to the Court's Order to Show Cause ("Response"), [ECF No. 9], arguing that Petitioner "failed to seek a custody redetermination hearing from an Immigration Judge" and therefore failed to exhaust available administrative remedies. Resp. at 1. Petitioner subsequently filed a Letter with supporting documentation ("Reply"), [ECF No. 10].[1] After reviewing the parties' filings, the applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Petition is **DISMISSED without prejudice for failure to exhaust administrative remedies**.

## BACKGROUND

Petitioner is a native and citizen of Cuba who "last entered the United States at Del Rio, Texas on July 25, 2021, without inspection." Declaration of Deportation Officer Kevin Dorleus

[1] Although docketed as a letter, the Court liberally construes Petitioner's filing as his Reply to Respondents' Response. *See United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) (explaining that federal courts have an obligation to "look behind the label of a motion filed by a *pro se* inmate").

("Dorleus Decl.") ¶ 5, [ECF No. 9-1]. Following his entry, Petitioner "was determined to be inadmissible and released on his Own Recognizance." *Id.* ¶ 6. On April 21, 2026, Immigration and Customs Enforcement ("ICE") encountered Petitioner at the Turner Guilford Knight Correctional Center "following his arrest for Battery-Domestic Violence." *Id.* ¶ 9. Petitioner was subsequently "transferred to ICE [ ] custody" on July 9, 2026. *Id.* ¶ 11 (cleaned up).

On August 31, 2026, ICE served Petitioner with a Notice to Appear ("NTA"), charging him with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. *See* NTA, [ECF No. 9-2] at 1, 4. Specifically, the NTA charged Petitioner as "an alien present in the United States without being admitted or paroled" and an immigrant lacking "a valid unexpired immigrant visa[.]" *Id.* at 4 (cleaned up). The NTA directed Petitioner to appear before an Immigration Judge ("IJ") on "September 11, 2026." *Id.* at 1.

Petitioner filed the instant Petition on July 31, 2026,[2] which, construed liberally, raises a single claim for relief: that his continued immigration detention "violates the due process clause" of the Fifth Amendment. Pet. at 7; *see also Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) ("[The Court] construe[s] *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." (cleaned up)). Respondents maintain that Petitioner has not requested a bond hearing before an IJ. *See* Resp. at 1 ("Petitioner has failed to seek a custody redetermination hearing from an Immigration Judge[.]"). Petitioner does not address Respondents' allegation in his Reply. *See generally* Reply. Instead, he describes his medical condition, reporting

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (emphasis in original; citations omitted). "Absent evidence to the contrary, [the Court] assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

that he has "paralysis in the right side of [his] body" and has repeatedly requested medical assistance while detained. Reply at 1 (cleaned up).

## LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## ANALYSIS

The Petition must be dismissed because Petitioner has failed to exhaust the administrative remedies available to challenge his continued immigration detention.

As an initial matter, Petitioner's detention is governed by 8 U.S.C. § 1226(a), which authorizes detention "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The Eleventh Circuit has explained that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026). Here, Petitioner entered the United States in 2021, was released on his own recognizance, and was subsequently taken into ICE custody in July 2026 after being encountered in the interior. *See* Dorleus Decl. ¶¶ 5–6, 9, 11. And the NTA identifies him as "an alien present in the United States who has not been admitted or paroled." NTA at 1. Indeed, Respondents acknowledge the availability of an IJ bond hearing, maintaining that "requesting a bond hearing from an Immigration Judge and pursuing appeal . . . to the BIA[] would not be futile here." Resp. at 5

(cleaned up). Nothing in the record indicates that Petitioner is subject to a final order of removal or mandatory detention. *See generally* Pet.; Resp.; Reply. Accordingly, § 1226(a) governs Petitioner's detention.

Although exhaustion in a § 2241 proceeding is not jurisdictional, "[t]he exhaustion requirement is still a requirement." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Thus, a court may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Id.* Because exhaustion is non-jurisdictional, however, a court may bypass the issue where "it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question." *Id.* Here, Respondents expressly assert that Petitioner "has not pursued administrative relief available to him and instead seeks relief in the first instance from this Court." Resp. at 3.

The administrative remedy Petitioner failed to pursue is prescribed by regulation. Under § 1226(a), bond-eligible immigration detainees "are generally entitled to a review of their custody determination (including whether they may be released on bond) at a hearing before an immigration judge." *Hernandez Alvarez*, 175 F.4th at 1263. A detainee may request an initial bond redetermination "orally, in writing, or, at the discretion of the Immigration Judge, by telephone." 8 C.F.R. § 1003.19(b). And an "appeal from the determination by an Immigration Judge may be taken to the Board of Immigration Appeals pursuant to § 1003.38." *Id.* § 1003.19(f).

Petitioner has not pursued that administrative process. Respondents maintain that he "failed to seek a custody redetermination hearing from an Immigration Judge," Resp. at 1, and Petitioner has identified no such request or subsequent IJ determination, *see generally* Pet.; Reply. Although Petitioner was scheduled to appear before an IJ on "September 11, 2026," NTA at 1, bond proceedings "shall be separate and apart from, and shall form no part of, any deportation or

removal hearing or proceeding[,]" 8 C.F.R. § 1003.19(d). Therefore, the scheduled removal hearing does not establish that Petitioner requested a bond redetermination. Nor does Petitioner's Reply, which primarily addresses his medical condition, indicate that he pursued administrative review of his custody. *See* Reply at 1 ("I am currently detained in Krome since July 9th 2026[,] with a very specific and delicate medical condition[.]" (cleaned up)).

Petitioner has also failed to show that requesting an initial bond redetermination, or appealing an adverse custody determination to the BIA, would have been futile. *See generally* Pet.; Reply. "[E]xhaustion is not required where no genuine opportunity for adequate relief exists." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982). In the immigration-detention context, courts have excused exhaustion where the agency's controlling position effectively predetermined the result of any request for bond or subsequent BIA appeal. *See e.g.*, *Castello-Casali v. Warden, Baker Cnty. Det. Ctr.*, No. 3:26-CV-451-JEP-SJH, 2026 WL 1601374, at *1 n.2 (M.D. Fla. June 4, 2026) (excusing exhaustion because the BIA had "conclusively determined" in *Matter of Yajure Hurtado* that immigration judges lacked authority to consider bond requests from similarly situated detainees, such that the BIA had "predetermined" the issue); *Gonzalez v. Warden, Glades Cnty. Corr. Ctr.*, No. 2:26-CV-1281-KCD-DNF, 2026 WL 1345910, at *1 n.2 (M.D. Fla. May 14, 2026) (excusing exhaustion where, before *Hernandez Alvarez*, "the agency's position was that interior aliens like Petitioner were simply ineligible" for a bond hearing).

That is not the situation here. In light of *Hernandez Alvarez*, Respondents acknowledge that "requesting a bond hearing from an Immigration Judge and pursuing appeal . . . to the BIA[] would not be futile here." Resp. at 5 (cleaned up). The Court agrees with Respondents. Petitioner has identified no impediment preventing him from pursuing the available administrative process.

Because Respondents properly asserted exhaustion and Petitioner did not exhaust the available BIA review process, the Petition must be dismissed without prejudice. *See Santiago-Lugo*, 785 F.3d at 475.

**CONCLUSION**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, [ECF No. 1], is **DISMISSED without prejudice for failure to exhaust administrative remedies**.
2. All pending motions are **DENIED as moot**.
3. All deadlines are **TERMINATED**.
4. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of October, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Yeinier Beltran Cardo, *pro se*
counsel of record